UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>KELLEY AND MAY DIRTWORKS, INC.,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   12-cv-1433<br>)<br>)<br>)<br>) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default (Doc. 4).[1] Plaintiff asks the Court to enter Defendant's default for failure to appear in this action. Plaintiff's Complaint was filed on October 22, 2012. (Doc. 1). A Summons was issued the same day. (Doc. 2). Proof of Service was filed by Plaintiff on

---

[1] The Motion is titled "Motion for Default," but the Court acknowledges it also requests entry of judgment in the amount of $76,930.13, apparently overlooking the distinction between default and default judgment. As the Seventh Circuit Court of Appeals has made clear, "[t]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also* Fed. R. Civ. P. 55. Although this Court has not located any decision by our Court of Appeals clarifying the exact procedure by which a default judgment is obtained, one district court in our circuit has explained the party must first file a motion for entry of default based on the opposing party's failure to plead, and may file a motion for default judgment after default is entered. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006). As additional clarification for future proceedings in this case, the Court emphasizes that for default judgment to be entered, damages must be ascertained "with reasonable certainty." *In re Catt*, 368 F.3d at 793. In Plaintiff's future motion for default judgment, damages will have to be shown through evidence or affidavits; the allegations in the Complaint as to amount of damages are not taken as true. *See id.*

November 30, 2012, stating Defendant was served with the Summons on November 27, 2012. (Doc. 3).

Federal Rule of Civil Procedure 55(a) requires that a party seeking default show the opposing party's failure "to plead or otherwise defend" by "affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 4(*l*) requires valid service to be proven by the server's affidavit. Fed. R. Civ. P. 4(*l*)(1). The document docketed as Proof of Service in this case is a brief form completed and signed by the serving agent, but it is not an affidavit,[2] nor does it, in the alternative, comply with 28 U.S.C. § 1746. (*See* Doc. 3). Further, though it states the Summons was served, there is no mention of the Complaint, which must also be served to effectuate service under Rule 4(c). (*See* Doc. 3). The Seventh Circuit has long held that "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (internal quotation marks omitted). However, the court indicated in that case that the return of service was entitled to such weight because it was declared under penalty of perjury as required by the Federal Rules of Civil Procedure. *Id.* at 1398 n.2. Before entering default, this Court requires proof of service that complies with the Federal Rules of Civil Procedure, to give assurance that Defendant was properly served. The Court will rule on Plaintiff's Motion for Default after Plaintiff files sufficient proof of service.

---

[2] Affidavit is defined in Black's Law Dictionary as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." *Black's Law Dictionary* 62 (8th ed. 2004).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default (Doc. 4) is TAKEN UNDER ADVISEMENT. Plaintiff SHALL file an amended proof of service in compliance with the Federal Rules of Civil Procedure within twenty-one days of the date of this Order.

Entered this <u>28th</u> day of March, 2013.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge