# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.   12-cv-1433 |
| KELLEY AND MAY DIRTWORKS, INC., | ) ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 9). Defendant has not filed a response to this Motion. For the reasons stated below, Plaintiff's Motion for Default Judgment is DEFERRED.

### BACKGROUND

On October 24, 2012, Plaintiff filed its Complaint pursuant to 29 U.S.C. § 1145, claiming that Defendant failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 at 1). Plaintiff alleges that Defendant is obligated to make contributions to Plaintiff, as administrator of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, in accordance with collective bargaining agreements and other agreements made by Defendant. (Doc. 1 at 2). Specifically, Defendant is obligated to submit to Plaintiff by the fifteenth day after the end of each month a report stating how many hours were worked in that month by each person on whose

behalf contributions are to be made to Plaintiff; to make contributions to Plaintiff on the same day reports are submitted; to pay interest on any untimely contributions at a rate of nine percent per annum from the date contribution was due until the date it is paid; and to pay liquidated damages if contributions are unpaid or untimely paid. These liquidated damages are assessed in the amount of fifteen percent of contributions not timely paid. (Doc. 1 at 2-3). Defendant is also obligated to pay Plaintiff's attorney's fees if any action is brought against Defendant to recover delinquent contributions. (Doc. 1 at 3).

In its Complaint, Plaintiff claims that Defendant has failed to submit the necessary reports, and has failed to make the required contributions. (Doc. 1 at 3). Additionally, Plaintiff alleges that some of the contributions Defendant did make were untimely, and that Defendant owes liquidated damages and interest. (Doc. 1 at 3). Lastly, Plaintiff claims that Defendant must pay Plaintiff's attorney's fees. (Doc. 1 at 4). Defendant was served with the Complaint and summons on November 27, 2012, (Doc. 7 at 1), but has failed to file an answer or other responsive pleading within the required twenty-one day time frame. *See* Fed. R. Civ. P. 12(a)(1)(A).

## DISCUSSION

Under ERISA, employers who are obligated under the terms of a collectively bargained agreement to make contributions to a plan must "make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Plaintiff is entitled to bring suit to enforce compliance with the plan's terms under 29 U.S.C. § 1132. Defendant has allegedly failed to pay contributions to Plaintiff and made untimely contributions to Plaintiff.

(Doc. 9-1 at 1-2). Accordingly, Defendant is liable to Plaintiff under 29 U.S.C. § 1145.

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). While liability may be established from the well-pleaded facts of the complaint, a plaintiff must still show it is entitled to the damages it seeks. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Default judgment may not be granted without a hearing on damages unless the amount of damages claimed is "capable of ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id*. These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

When a court finds in favor of a plan under 29 U.S.C. § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions; 3) the greater of either the interest owed on unpaid contributions or the liquidated damages provided for by the plan; 4) reasonable attorney's fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). However, in the present case, the amount of damages Plaintiff claims is not capable of being ascertained from the evidence Plaintiff has provided. Plaintiff has not yet shown that it is entitled to the damages it seeks, and therefore its Motion for Default Judgment is deferred.

**I. Unpaid Contributions, Interest, and Liquidated Damages**

Plaintiff has submitted the affidavit of Cheryl Cottrell, the administrator of Plaintiff's fund. The affidavit states that Defendant failed to pay contributions to Plaintiff from June 2009 through August 2009, and from June 2011 through May 2012. (Doc. 9-1 at 1). The total sum Plaintiff seeks for these unpaid contributions is $58,777.91. (Doc. 9-1 at 1). However, this claim is not properly substantiated, as Plaintiff has provided no payment records, invoices, reports, or other such documentary evidence showing how it arrived at this figure for unpaid contributions. Further, the affidavit alone does not suffice because there is no detail, as it simply lists the requested amount of damages without explanation or itemization.

Plaintiff also alleges that interest calculated at nine percent per annum is owed in the amount of $5,520.48 on the unpaid contributions through October 19, 2012. (Doc. 9-1 at 2). However, no other details regarding this amount of interest is included in Ms. Cottrell's affidavit, and no documentary evidence has been provided to support the amount of interest claimed.

Similarly, Plaintiff has not shown it is entitled to the liquidated damages it seeks. Plaintiff alleges in Ms. Cottrell's affidavit that $9,079.40 is owed in liquidated damages on the unpaid contributions,[1] and that $2,620.34 is owed in liquidated damages on contributions paid past their due date. (Doc. 9-1 at 2). Again,

---

[1] The Court calculated fifteen percent of the total sum of unpaid contributions Plaintiff seeks – $58,777.91 – and found that it amounts to $8,816.69. It is unclear how Plaintiff calculated the liquidated damages and arrived at $9,079.40. This discrepancy further highlights the need for more detailed affidavits or documentary evidence in order for the Court to ascertain the damages with reasonable certainty.

no further details are provided and no documentary evidence shows how Plaintiff arrived at these sums. Ms. Cottrell's affidavit states that information regarding the unpaid contributions, interest, and liquidated damages is found "on the books and records" of Plaintiff's fund. (Doc. 9-1 at 2). However, no evidence from these records has been provided.

Therefore, Plaintiff has not met its burden of showing, through detailed affidavits or documentary evidence, that it is entitled to the amounts it seeks in unpaid contributions, interest, and liquidated damages. [2]

**II. Attorney's Fees**

Plaintiff has asked that it be awarded attorney's fees and costs in the amount of $1,334.00. (Doc. 9 at 2). Plaintiff has provided detailed documentary evidence in an affidavit of David W. Stuckel, showing an itemization of attorney hours worked on this matter, the hourly rate at which the attorney worked, and the amount of court costs incurred. (Doc. 9-2 at 1-3). In this case, Plaintiff's attorneys charged $190.00 per hour and worked a total of 4.8 hours. (Doc. 9-2 at 3). Attorney's fees thus total $912.00. Court costs in this case amounted to $422.00. In awarding fees under § 1132(g)(2)(D), courts must determine whether the rate charged and the amount of time spent was reasonable. *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544-46 (7th Cir. 2009). The Court finds the rate charged by Plaintiff's counsel is a reasonable hourly rate, and that the time spent on this matter by Plaintiff's counsel was reasonable. Thus, Plaintiff has met the standard

---

[2]   The Court has seen numerous motions for default judgment in similar cases. Damages are typically shown by a copy of the Plan or Agreement along with detailed, itemized spreadsheets or other documents, or by detailed affidavits.

required to show damages for default judgment, and attorney's fees and costs have been shown for the amount of $1,334.00.

## CONCLUSION

Plaintiff has not shown through detailed affidavits or documentary evidence that it is entitled to the amount of unpaid contributions, interest or liquidated damages it seeks. Accordingly, Plaintiff's Motion for Default Judgment (Doc. 9) is DEFERRED. Plaintiff is ORDERED to file a Supplement to its Motion within fourteen days from the date of this Order, in which it sufficiently addresses the evidentiary deficiencies discussed above. IT IS SO ORDERED.

Entered this <u>31st</u> day of July, 2013.

                                                          s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                        United States Senior District Judge