# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> v. <br><br> KELLEY AND MAY DIRTWORKS, INC., <br><br> Defendant. | Case No.   12-cv-1433 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 9) and Motion to Amend its Motion for Default Judgment (Doc. 12). The Court previously deferred ruling on Plaintiff's Motion for Default Judgment, requiring additional information. (Doc. 10 at 6). Plaintiff provided this information in its Motion to Amend. As explained herein, Plaintiff's Motion for Default Judgment is taken under advisement, and its Motion to Amend is granted.

### BACKGROUND

On October 24, 2012, Plaintiff filed its Complaint pursuant to 29 U.S.C. § 1145, claiming that Defendant failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 at 1). Plaintiff alleges that Defendant is obligated to make contributions to Plaintiff in accordance with collective bargaining agreements and other agreements entered into between Defendant and Local 841 of the International Union of Operating Engineers. (Doc. 1

at 2). Local 841 has contracted with Defendant since November 22, 1994, requiring, among other things, that Defendant contribute to Plaintiff based on work performed by Local 841 members. (Doc. 1 at 1-2). Specifically, Defendant is obligated to submit reports to Plaintiff by the fifteenth of each month stating how many hours were worked in the previous month by each person on whose behalf contributions are to be made; to make contributions to the appropriate funds at the same time; to pay nine percent interest on any untimely contributions; and to pay liquidated damages of fifteen percent if contributions are unpaid or untimely paid. (Doc. 1 at 2-3). Defendant is also obligated to pay Plaintiff's attorneys' fees if any action is brought to recover delinquent contributions. (Doc. 1 at 3).

In its Complaint, Plaintiff claims that Defendant has failed to submit the necessary reports, and has failed to make the required contributions. (Doc. 1 at 3). Additionally, Plaintiff alleges that some of the contributions Defendant did make were untimely, and that Defendant owes liquidated damages and interest on those payments as well. (Doc. 1 at 3). Finally, Plaintiff claims that Defendant must pay Plaintiff's attorneys' fees. (Doc. 1 at 4). Defendant was served with the Complaint and summons on November 27, 2012, (Doc. 7 at 1), but has failed to respond or otherwise defend in this action.

## DISCUSSION

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,*

*Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default was entered on April 18, 2013. Accordingly, Defendant is liable to Plaintiff under 29 U.S.C. § 1145 based on its failure to timely provide reports, make contributions, or pay liquidated damages and interest required by the collective bargaining agreement between Defendant and Local 841, as alleged in the Complaint. (Doc. 1 at 1-3).

While liability may be established from the well-pleaded facts of the complaint, a plaintiff must still show it is entitled to the amount of damages it seeks. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing on damages unless the amount of damages claimed is "capable of ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id*. These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

When a court finds in favor of a plan under 29 U.S.C. § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions; 3) the greater of either the interest owed on unpaid contributions or the liquidated damages for which the plan provides; 4) reasonable attorneys' fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). Plaintiff requests damages in the amount of $81,260.03 plus attorneys' fees and costs.[1] Plaintiff has submitted a supplemental affidavit from Cheryl Cottrell, the administrator of Plaintiff's fund. The affidavit details the calculation of damages for unpaid contributions for certain months and late contributions for others, and is accompanied by a spreadsheet and other

---

[1] This amount is slightly higher than its initial request due to recalculation of interest. (*See* Doc. 12 at 1).

documentary evidence showing the amount of unpaid contributions, interest, and liquidated damages. The Court has reviewed the materials Plaintiff submitted with its Motion to Amend, and has determined the amount of damages to which Plaintiff is entitled, based on the definite figures in documentary evidence and detailed affidavits, is $20,752.53.

**I. Liability**

In Plaintiff's Motion to Amend, it details the damages it seeks based on contributions Defendant owed based on work under the jurisdiction of two separate local unions of the International Union of Operating Engineers: Local 841 and Local 649. However, as made evident in the background section above, the only collective bargaining agreement referenced in the Complaint is the agreement between Defendant and Local 841. Any liability based on work under the jurisdiction of Local 649 is based on a separate agreement, and involves different facts and circumstances. Plaintiff may have wished to join these claims together, but it did not. As there is nothing in the Complaint about an agreement with Local 649, Defendant has not defaulted on this claim, there are no allegations to take as true relating to that claim, and liability has thus not been established. Accordingly, Plaintiff is not entitled to a default judgment on the claim related to the agreement with Local 649.

As explained below, the amount of damages based on the Local 841 claim that was raised in the Complaint has been determined, and may be awarded to Plaintiff. If Plaintiff wishes to seek damages based on the Local 649 agreement claim, it must either file a new case or amend its complaint in the instant case to

add the necessary allegations, serve Defendant, and start the default and default judgment processes anew. Thus, to allow for this option, the Court will take the default judgment motion under advisement. If, after fourteen days, Plaintiff has not filed an amended complaint, default judgment will be entered on the claim in the current Complaint in the amount of $20,752.53.

## II. Late Contributions

As shown by the documentary evidence and detailed affidavits, Defendant made payments in August 2011 that were untimely payments for contributions due for work performed during May and June 2011. (Doc. 12-9 at 1). As detailed in an exhibit, the amount of liquidated damages and interest on those late contributions, by Plaintiff's calculation, totals $948.99. (Doc. 12-9 at 1). Additionally, payments for the Local 841 Qualified Savings Fund for May through August 2011 were paid late. (Doc. 12-9 at 3). Interest and liquidated damages on those late payments were calculated by Plaintiff to equal $470.18. (Doc. 12-9 at 3). However, the Court notes a discrepancy between the Complaint and the exhibits. In the Complaint, Plaintiff alleges the collective bargaining agreement requires Defendant to

> [S]ubmit to Plaintiff for each month, by the fifteenth (15th) day of the month following the month for which the report is made, a report stating the names, social security numbers and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff . . . [and] remit with the report payment of contributions based on upon an hourly rate as stated in the applicable collective bargaining agreement . . . .

(Doc. 1 at 2-3). Further, if contributions are not timely received, Plaintiff is owed liquidated damages and "interest at the rate of 9% per annum from the date said contribution was due until the date paid." (Doc. 1 at 3). Based on these allegations,

5

which are taken as true, it is apparent the contributions are due on the fifteenth of the month following the month in which the underlying hours were worked. However, the figures show Plaintiff charged interest from the first of the month, immediately after the end of the previous month, amounting to an additional fourteen days.

Taking this into account, the Court recalculated the amount of interest due on both late payments and unpaid contributions, by reducing by fourteen the number of days for which interest was charged by Plaintiff's calculation. Plaintiff is thus entitled to damages in the amount of $1,388.86 for late contributions made by Defendant.

### III. Unpaid Contributions

In addition to payments that Defendant made after they were due, there are also contributions for work performed by Local 841 that remain unpaid. Taking into account overpayments made in 2009, the total unpaid contributions Defendant owes to Plaintiff equal $13,204.41. The liquidated damages total $2,243.38. Finally, the interest Plaintiff is owed on these unpaid amounts, recalculated to be from the due date of the fifteenth of the month as explained above, equals $2,581.88. Accordingly, the amount of damages to which Plaintiff is entitled based on unpaid contributions equals $18,029.67.

### IV. Attorney's Fees

Plaintiff has asked that it be awarded attorney's fees and costs in the amount of $2,056.00. (Doc. 12-1 at 3). This revised amount takes into account work performed after its previous filing. Plaintiff has provided an affidavit from David W.

Stuckel, accompanied by an itemization of attorney hours worked on this matter, the hourly rate at which the attorney worked, and the amount of court costs incurred. (Doc. 12-1 at 1-3). Plaintiff's attorneys charged $190.00 per hour and worked a total of 8.6 hours. (Doc. 12-1 at 3). Requested attorneys' fees thus total $1,634.00. Court costs in this case amounted to $422.00.

In awarding fees under § 1132(g)(2)(D), courts must determine whether the rate charged and the amount of time spent was reasonable. *See Anderson v. AB Painting & Sandblasting Inc.,* 578 F.3d 542, 544-46 (7th Cir. 2009). The Court finds the rate charged by Plaintiff's counsel is a reasonable hourly rate. However, a reasonable amount of time spent on this matter does not include the additional time spent because of counsel's failure to do it right the first time. The Court does not award attorneys' fees for the time Plaintiff's counsel spent revising its Motion for Default Judgment. The Court finds counsel reasonably spent 4.8 hours on this matter, which is the amount of attorney work for which Plaintiff initially requested compensation. Thus, attorneys' fees and costs will be awarded in the amount of $1,334.00.

## Conclusion

The Court accepts Plaintiff's supplemental documentation to prove its damages, but the Complaint and additional information do not support an award for the full amount requested. Accordingly, Plaintiff's Motion to Amend its Motion for Default Judgment (Doc. 12) is GRANTED and its Motion for Default Judgment (Doc. 9) is TAKEN UNDER ADVISEMENT. Plaintiff MAY file an amended complaint within fourteen days from the date of this Order to add a claim for

damages based on a breached collective bargaining agreement between Defendant and Local 649. If no amended complaint is received, the Court will enter default judgment and award damages in the amount of $20,752.53. IT IS SO ORDERED.

Entered this <u>10th</u> day of September, 2013.

                                                                     s/ Joe B. McDade  
                                                                      JOE BILLY McDADE  
                                          United States Senior District Judge